* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes, with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On August 24 and 27, 2005, the Defendant-Employer and the Plaintiff were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On August 24 and 27, 2005, an employment relationship existed between the Plaintiff and the Defendant-Employer.
3. At all times relevant to the Plaintiff's alleged injury on August 24 and 27, 2005, Broadspire was the Third Party Administrator for the Defendant-Employer.
4. The parties stipulated to the following documentary evidence:
 • Stipulated Exhibit 1 — Medical Records.
5. Judicial notice was taken of all Industrial Commission Forms filed in the case.
 * * * * * * * * * * * Based upon all of the competent evidence of record and reasonableinferences flowing therefrom, the Full Commission makes thefollowing:
 FINDINGS OF FACT
1. At the time of the hearing, the Plaintiff was forty-seven years old. He was hired by Adecco (a temporary job placement agency) in April 2004 and was placed at Ingersoll-Rand, which manufactures air compressors. At Ingersoll-Rand, the Plaintiff worked in the sheet metal department as a punch press operator. The Plaintiff testified that he worked at a machine which cut out different parts of sheet metal. On August 24, 2005, he was making $11.25 per hour.
2. On August 24, 2005, the Plaintiff allegedly sustained an injury to his right thumb when he picked up a piece of sheet metal to toss it aside and part of the metal allegedly became lodged in his right thumb.
3. Following the alleged August 24, 2005 accident, the Plaintiff first received treatment for his alleged injuries on August 28, 2005, at Davie County Hospital. At the hospital, the Plaintiff informed the medical staff that he had been experiencing swelling in his right thumb since "yesterday." He further informed the staff that he "thought he had a splinter and attempted to remove with a sewing needle." The Plaintiff complained that since that time, he was having drainage, "pus," warmth, and redness in his thumb. He was diagnosed with an infection of the right thumb and was prescribed Keflex and Vicodin and allowed to return to work on August 31, 2005. The medical records on August 28, 2005, make no reflection that the Plaintiff was injured at work.
4. The Plaintiff was next seen at Iredell Memorial Hospital on August 30, 2005. He informed the medical staff that he recalled a cat bite on the same thumb seven to ten days prior to his visit. Physical examination of the Plaintiff revealed swelling in the right thumb, with redness and pain. The Plaintiff was diagnosed with flexor tenosynovitis in the right thumb. He subsequently underwent a right thumb flexor tenosynovectomy, which was performed by Dr. Byron E. Dunaway.
5. The Plaintiff was seen by Dr. Robert J. Sherertz in follow-up on August 31, 2005. On this occasion, he reported being bitten by his cat just below his thumb two days prior to the follow-up visit. It was noted that although the Plaintiff worked in a sheet metal shop, he "remembered no injury there." The impression of Dr. Sherertz was that the Plaintiff suffered from right thumb flexor tenosynovitis secondary to a cat bite. He also noted that cat bites are associated with Pasterurella multocida and Staphylococcus aureus. The Plaintiff attended one additional follow-up appointment at Iredell Memorial Hospital on September 1, 2005.
6. The Plaintiff admitted that on at least two occasions he stated he was not injured at work. He admitted that on August 31, 2005, he informed Dr. Robert Sherertz that he did not recall an injury at work. The Plaintiff also admitted that on or about September 1, 2005, he advised Ruby Gonzalez, an employee of Broadspire, that he did not recall an injury at work.
7. As of the date of the hearing, the Plaintiff's thumb was not giving him any problems.
8. The Plaintiff was hired on a permanent basis by Ingersoll-Rand on December 19, 2005, and was making $14.00 per hour.
9. The opinions of Dr. Byron Dunaway are given less weight because Dr. Dunaway based his opinion on the history given to him by the Plaintiff, which was different from the history the Plaintiff gave to other health care providers.
10. Although the plaintiff received notice of the September 14, 2006 Full Commission hearing in this matter, confirmed by a U.S. certified mail return receipt signed by the plaintiff, he failed to appear before the Full Commission. The Full Commission finds that the Plaintiff failed to comply with N.C. Industrial Commission Rule 701 by failing to appear before the Full Commission without requesting a waiver of oral argument. As a result of the Plaintiff's failure to appear, the Full Commission finds that the Defendants have incurred a reasonable attorney's fee in the amount of twenty-five dollars ($25.00).
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The Plaintiff has failed to show that his alleged thumb injury is causally related to the events on either August 24 or 27, 2005. N.C. Gen. Stat. § 97-2(6).
2. Because the Plaintiff has failed to show that he sustained a compensable injury by accident to his right thumb on either August 24 or 27, 2005, he is not entitled to any workers' compensation benefits.
3. N.C. Industrial Commission Rule 802 provides that failure to comply with any Rules of the Commission may subject the violator to any sanctions outlined in Rule 37 of the N.C. Rules of Civil Procedure, including reasonable attorney's fees. Thus, the Plaintiff shall be sanctioned for failing to comply with Industrial Commission Rule 701 by failing to appear before the Full Commission. Thus, the Defendants are entitled to an attorney's fee in the amount of twenty-five dollars ($25.00) for the Plaintiff's failure to comply with Rule 701.
 * * * * * * * * * * * AWARD
1. The Plaintiff's claim is hereby DENIED.
2. The Plaintiff is hereby SANCTIONED for failure to comply with N.C. Industrial Commission Rule 701 by failing to appear before the Full Commission, and shall pay to the Defendants an attorney's fee in the amount twenty-five dollars ($25.00), pursuant to N.C. Industrial Commission Rule 802, and Rule 37 of the N.C. Rules of Civil Procedure.
3. Each side shall pay its own costs.
This 28th day of September 2006.
S/________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/________________________ THOMAS J. BOLCH COMMISSIONER
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER